T.C. Memo. 1996-562

UNITED STATES TAX COURT

MARIO R. SANHUDO, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12089-95.                Filed December 30, 1996.

Mario R. Sanhudo, pro se.

<u>Blaise G. Dusenberry</u> and <u>Randall B. Pooler</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard
pursuant to the provisions of section 7443A(b)(3) and Rules 180,
181, and 182.[1]

---

[1] All section references are to the Internal Revenue Code
in effect for the tax years at issue.  All Rule references are to
the Tax Court Rules of Practice and Procedure.

Respondent determined deficiencies in petitioner's Federal income taxes for the taxable years 1991 through 1993 as follows:

| Year | Deficiency |
|------|-----------|
| 1991 | $1,274 |
| 1992 | 1,120 |
| 1993 | 1,568 |

The issue for decision is whether petitioner may deduct claimed employee business expenses for the years in issue.

FINDINGS OF FACT

Some of the facts have been stipulated, and they are so found. The stipulation and the attached exhibits are incorporated herein by this reference. At the time of filing the petition herein, petitioner resided at Cape Canaveral, Florida.

During the years in issue petitioner was a civilian mariner assigned to the ship USNS Vanguard T-AG 194 with a port at Cape Canaveral, Florida. The ship was part of the Military Sealift Command (MSC). MSC is part of the U.S. Department of Defense and, specifically, the U.S. Navy. Civilian employees operate, maintain, and navigate the vessel to various locations as designated by the Navy. The USNS Vanguard is operated by a private company under contract with the U.S. Navy. Petitioner worked as an engineer on the USNS Vanguard during the years in issue.

During 1991 through 1993, petitioner apparently incurred living, automobile, and travel expenses while the ship was in port. On his Federal income tax returns for the years in issue,

petitioner claimed employee business expenses (prior to the limitation provided by section 67(a)) as follows:

| Year | Amount |
|------|--------|
| 1991 | $9,023 |
| 1992 | 8,491 |
| 1993 | 9,530 |

The returns in issue were prepared by Space Coast Bookkeeping and Taxes, Inc. (Space Coast).

In the notice of deficiency, respondent disallowed the claimed employee business expense deductions. At trial respondent conceded that the itemized deductions claimed by petitioner were incurred and paid. Respondent also conceded that petitioner is entitled to a portion of the claimed deductions.[2]

OPINION

Respondent asserts that petitioner has failed to establish that the claimed expenses, over and above those allowed, are ordinary and necessary business expenses incurred while carrying on petitioner's trade or business as an employee. Petitioner argues that the Internal Revenue Service (IRS) acted unfairly in examining his returns, and that the examination was the result of

---

[2] Respondent agreed that petitioner is entitled to deduct 60 percent of the claimed automobile expenses for each of the years in issue. Also respondent agreed that petitioner is entitled to deduct $510, $501, and $510 for the taxable years 1991, 1992, and 1993 respectively, relating to claimed employee business expenses other than vehicle, parking fee, toll, and travel expenses.

an investigation of his return preparer, Space Coast.  Petitioner also complains that the IRS failed to respond to his inquiries.

The determinations of the Commissioner in a notice of deficiency are presumed correct, and the burden of proof is on the taxpayer to show that the determinations are incorrect.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Deductions are a matter of legislative grace, and petitioner bears the burden of proving entitlement to any claimed deductions.  New Colonial Ice Co. v. Helvering, 292 U.S. 435 (1934).

Section 162(a) permits a deduction for "ordinary and necessary" expenses incurred while carrying on a trade or business.  Since petitioner is an employee, any deductions to which he might be entitled would be included as employee expense deductions on Schedule A.  Primuth v. Commissioner, 54 T.C. 374, 377 (1970).

Petitioner has failed in his burden of proof.  Petitioner did not present any documents or testimony in this case upon which we can make a finding that there was a business purpose to the claimed employee expenses.  In fact, petitioner testified that some of the expenses related to visiting family members.  Thus, there is no question but that some of the claimed expenses are personal in nature and nondeductible.  Sec. 262.

With respect to petitioner's complaints that he was unfairly selected for examination, we note that the Commissioner, in an attempt to ascertain the correctness of a taxpayer's return, may

examine any books, papers, records, or other data which may be relevant to such an inquiry. Sec. 7602(a). Petitioner cites no specific authority as a basis for his position, simply alleging that it is improper for the Commissioner to examine taxpayers based solely upon their connection with a particular preparer. Respondent's decision to examine petitioner's return, even if based solely upon petitioner's connection with Space Coast, does not constitute an improper reason to select petitioner's return for examination. Karme v. Commissioner, 673 F.2d 1062 (9th Cir. 1982), affg. 73 T.C. 1163 (1980). Petitioner, therefore, has not established that his selection for examination was improper.

We understand petitioner's frustration in circumstances where the IRS failed to timely respond to inquiries. Nevertheless, such a failure by the IRS does not alter the obligation of petitioner to satisfy the Court that the claimed expenses qualify as employee business expenses. Petitioner has failed to do that.

Based on the foregoing, respondent's determination is sustained except to the extent respondent made concessions at trial.

Decision will be entered

under Rule 155.